# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNNOVA ENERGY | ) | Case No. 25-90160 (ARP) |
| CORPORATION, *et al.*, | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  |  |  |
|  | ) |  |
| Alsia Wilkinson | ) | Adv. Pro. No. 25-[_____] |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SUNNOVA ENERGY CORPORATION | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

---

## ADVERSARY COMPLAINT

---

Plaintiff, Alsia Wilkinson, files this adversary complaint against Defendant, Sunnova Energy Corporation, and pleads as follows:

*(JURY TRIAL DEMANDED)*

**INTRODUCTION**

1.      This is a lender liability consumer adversary complaint brought against lender, Defendant, Sunnova Energy Corporation. This adversary complaint relates to Plaintiff, Alsia Wilkinson's, purchase and financing of an improperly installed, non-functioning, home solar panel system. In the transaction at issue in this litigation, Titan Solar Power, Inc., ("TSP"), is the contractor-installer. Defendant, Sunnova Energy, is the lender in this transaction.

2.      This case involves an illegal, non-permitted, home solicitation of the Plaintiff where seller-installer, TSP, sold the Plaintiff a 27.010 Kw Tesla photovoltaic solar system that it promised to install in a professional and workmanlike manner. Additionally, Sunnova Energy promised Plaintiff that she would enjoy the benefit of 36,775 kilowatt hours of annual energy production from her home solar system. However, years after the execution of this agreement, the installation of this solar system remains incomplete or otherwise improper, without delivering any meaningful electricity production.

3.      Plaintiff now understands TSP to have been a known bad actor in the home solar panel business, a fact about which Sunnova Energy either did know, or should have known. One of the central allegations of this adversary complaint is that TSP acted as an agent of Defendant, Sunnova Energy, generally, and

specifically in connection with the in-home sale, and closed-circuit financing involved in the Alsia Wilkinson's consumer transaction.

4.      The fundamental basis for this adversary complaint is that TSP and their representatives acted negligently and deceptively during the solicitation, sales, and installation process for the solar panel system and purchased by Alsia Wilkinson  and financed by Sunnova Energy. This negligence resulted in a solar panel system that has ceased operating as promised and has failed to reduce Plaintiff's electricity bills.

5.      TSP promised Plaintiff a functioning home solar system that would eliminate her monthly electricity bills. However, since January 2025, Plaintiff's monthly electricity bills have skyrocketed to $600 per month. TSP and Sunnova also promised Plaintiff that she would qualify for a $30,000 refundable tax credit that she could use to pay down her Sunnova loan balance. TSP's installation of Plaintiff's home solar system has also caused roof leaks, water intrusion, and property damage to her home.

6.      Despite these failures, Defendant, Sunnova Energy, as the lender for the transaction and the principal to its agent, TSP, unreasonably continues to demand payment from Alsia Wilkinson.

7.      Defendant, Sunnova Energy, as the exclusive lender and principal to TSP, bears derivative liability for the deceptive practices, negligence, and

misrepresentations committed by TSP. These wrongful actions have caused significant economic and emotional distress to Plaintiff, who continues to incur financial injury.

8.      Additionally, Sunnova Energy conspired with TSP to deceive and defraud Plaintiff by concealing the true cost of the solar system installation, and its financing, at issue in this dispute. Sunnova Energy knowingly and falsely represented to Plaintiff that the annual percentage rate on the residential solar loan at issue in this dispute is .99%. This is false. The actual annual percentage rate for the Sunnova Energy financing of this transaction is much higher than .99%.

9.      The reason for this is simple: approximately one-third of the represented solar system installation price to Plaintiff was, in reality, a deceptive and illegal "program fee" packaged into the loan and payable to Sunnova Energy. Thus, the actual price of the installation for the solar system that TSP sold to Plaintiff was substantially less than the $112,901.80 represented and financed. This inflation of the installation costs, and with "program fee" kickback to Sunnova Energy, it necessarily follows that the actual total finance charges for the life of the Sunnova Energy consumer loan at issue in this dispute is materially higher than $17,847.07 represented to Plaintiff. Thus, any loan disclosures or Truth in Lending Act (TILA) disclosure that Sunnova Energy provided to Plaintiff for this transaction were knowingly false.

10.     The above facts also necessarily entail that the real annual percentage rate on the Sunnova Energy loan that is at issue in this dispute is materially higher than the represented .99% finance rate in the TILA disclosures. This deceptive and fraudulent action by Sunnova Energy gives rise to lender liability for common law fraud, for violations of the FDUTPA (Florida), and for violations of the federal Truth in Lending Act.

11.     This adversary complaint involves Alsia Wilkinson's home located at 4800 SW 198th Terrace, Southwest Ranches, Florida 33332.

12.     This adversary complaint pleads the following causes of action under Florida and federal law: (1) breach of contract (seeking the remedy of rescission of contract, or in the alternative, money damages); (2) violations of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA); (3) breach of the duty of good faith and fair dealing; and (4) negligence – construction defects, ; (5) fraud; (6) violations of the federal Truth in Lending Act; and (7) violations of the federal Fair Credit Reporting Act.

## JURISDICTION AND VENUE

13.     This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Consistent with Rule 7008 of the Bankruptcy Rules and Rule

7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, the Plaintiff consents to the entry of final orders or a final judgment by this Court in this adversary proceeding.

14. The Court has "related to" jurisdiction under section 1334(b) of title 28 of the United States Code. The Court has "related to" jurisdiction based upon the tort claims and relief sought against Sunnova Energy, a debtor in this bankruptcy proceeding.

15. Venue in this district is proper under to 28 U.S.C. §§ 1408.

16. However, this dispute is subject to a binding arbitration clause. Plaintiff reserves the right to move this Court to refer this dispute to JAMS arbitration.

## PARTIES

17. Plaintiff, Alsia Wilkinson, is a resident of Broward County, Florida.

18. Defendant, Sunnova Energy Corporation, is a Delaware limited liability company.

19. Plaintiff brings her claims against Sunnova Energy in its capacity as the lender and holder of a consumer credit contract issued for the sale and installation of a solar panel system at her residence. This is a lender liability action.

20. Under the FTC Holder in Due Course Rule and Florida principal-agency law, Sunnova Energy is derivatively liable to Plaintiff for all the wrongful

and tortious acts and omissions of its agent, TSP, associated with the solar panel transaction at issue in this case.

21.     Further, Sunnova Energy is directly liable for its own fraud and dishonesty in lending as it relates to the hidden, non-disclosed, finance charges packaged into the TSP solar system sales price and kicked back to Sunnova Energy via their subcontractor shell game relationship.

## FACTS

22.     On or about June 1, 2021, a sales representative of TSP, initiated contact with Plaintiff, Alsia Wilkinson , at home in Florida. TSP initiated this in-home sales solicitation without the required permit in violation of Florida Statute 501.021-22.

23.     "So, violation of 501.021 would likely render a contract voidable, allowing the buyer to rescind," *Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A.*, 483 So. 2d 775, (Fla. 3d DCA 1996). "Under Florida law, contracts are voidable if they violate a statute or public policy, lack consideration, certainty, or mutuality, or contain harsh or unconscionable provisions," (1 Florida Torts § 28.03 (2023)).

24.     The Solar Sales representative presented a proposal for a solar panel system that promised to eliminate Alsia Wilkinson's monthly electrical bills and provide substantial financial savings.

25. TSP is the seller-installer of the solar panel system at issue in this proceeding.

26. Sunnova Energy is the consumer fintech lender in this transaction. Plaintiff financed the purchase and installation of the solar panel system through a 25-year loan issued by Sunnova Energy.

27. Sunnova Energy and TSP sold Plaintiff a home solar system for $668.12 per month for the first year. Following the first year, the monthly payments increased substantially in later months.

28. The sales pitch for this sale was Sunnova Energy and TSP's promise to Plaintiff that the installation of this home solar system would eliminate her monthly electricity bills.

29. Although Sunnova Energy and TSP promised Plaintiff a solar system that would pay for itself, she has been burdened with a financial commitment of 25-years of payments for a system that does not function.

30. The shocking and unconscionable total price system price for this 25-year transaction is $130,748.87.

31. TSP is responsible for the installation of a 27.010 kW home solar system, including multiple solar panels and inverters at Plaintiff's home.

32.     TSP performed this installation incorrectly, improperly, and unreasonably carelessly. This work was performed so improperly that Plaintiff's electrical utility costs have not been lowered.

33.     TSP promised Plaintiff a functioning home solar system that would eliminate her monthly electricity bills. However, since January 2025, Plaintiff's monthly electricity bills have skyrocketed to $600 per month. TSP and Sunnova also promised Plaintiff that she would qualify for a $30,000 refundable tax credit that she could use to pay down her Sunnova loan balance. TSP's installation of Plaintiff's home solar system has also caused roof leaks, water intrusion, and property damage to her home.

34.     Sunnova Energy conspired with TSP to deceive and defraud Plaintiff by concealing the true cost of the solar system installation, and its financing, at issue in this dispute. Sunnova Energy knowingly and falsely represented to Plaintiff that the annual percentage rate on the residential solar loan at issue in this dispute is .99%. This is false. The actual annual percentage rate for the Sunnova Energy financing of this transaction is much higher than .99%.

35.     The reason for this is simple: approximately one-third of the represented solar system installation price to Plaintiff was, in reality, a deceptive and illegal "program fee" packaged into the loan and payable to Sunnova Energy. Thus, the actual price of the installation for the solar system that TSP sold to

Plaintiff was substantially less than the $112,901.80 represented and financed. This inflation of the installation costs, and with "program fee" kickback to Sunnova Energy, it necessarily follows that the actual total finance charges for the life of the Sunnova Energy consumer loan at issue in this dispute is materially higher than $17,847.07 represented to Plaintiff.

36.     TSP, while acting within the scope of its agency to Sunnova Energy, made numerous fraudulent, misleading, and deceptive representations to Plaintiff including:

a.) That the solar system would eliminate her monthly electric bill; and

b.) That the system would provide immediate financial savings and allow for the resale of excess energy.

37.     Based on these representations, Plaintiff entered a contract with TSP for the purchase and installation of the solar system and financed the project through a 25-year "loan" from Sunnova Energy.

38.     None of the representations made by TSP, and reasonably relied upon by Plaintiff, came to fruition. Plaintiff has not experienced the promised financial savings, continues to pay her electric bills, and remains burdened by the costs of a defective and incomplete solar system.

39.     The fraudulent or negligent actions of TSP and Sunnova Energy have caused significant harm to Plaintiff.

### *Sunnova Energy's Financing Scheme*

40.     The deceptive sales tactics of solar panel installation contractors, such as TSP are enabled, facilitated, and ratified by the companies that provide loans and loan servicing for residential solar transactions.

41.     Defendant, Sunnova Energy, is an online lender that utilizes a paperless point-of-sale system for generating loans. The focus of Defendant's business is arranging loans to finance the purchase and installation of solar panel systems and related equipment on the homes of individual customers. Defendant is one of the largest lenders in this segment of the consumer marketplace.

42.     To expand its business, Defendant, Sunnova Energy, designed, implemented, and oversees consumer loans/home improvement loans for solar panel systems. Defendant entices solar panel installation contractors, such as TSP, to join its consumer loan/home improvement loan program by promising that participation will significantly increase sales. Under this program, the contractors become Defendant, Sunnova Energy's "Agents," and the sales representatives of these "Agents" are deputized to simultaneously sell customers both solar panels and financing through Sunnova Energy's loans. The availability of financing allows these "Agent" contractors to close more transactions and increase revenue.

43.     Defendant, Sunnova Energy, vests the sales representatives of its "Agents" with the authority to obtain nonpublic Personally Identifiable

Information from consumers and to submit loan applications on their behalf. These sales representatives, acting as partners of Defendant, generate loans without verification of their qualifications to lawfully sell solar panel systems to consumers.

44. Defendant, Sunnova Energy, offers its "Agents" immediate, on-the-spot loan approval through an electronic, paperless process. This guarantees contractors like TSP, swift transactions and prompt payment for every closed deal.

45. Defendant, Sunnova Energy, retains a portion of every loan generated by the sales representatives of its "Agents" to cover fees and charges. Both Sunnova Energy and the "Agent" contractors financially benefit from each loan generated. Sunnova Energy is incentivized to maintain the satisfaction of its "Agents," as they are critical partners in the consumer loan program and a primary source of Sunnova Energy's revenue.

46. The consumer loan/home improvement program enables and facilitates the exploitation of consumers by unscrupulous solar installation contractors who act as "Agents" in the program. There are no effective safeguards to protect consumers, resulting in loans that consumers often do not fully understand.

47. Defendant, Sunnova Energy's business model enables its "Agents" to reap significant profits by saddling consumers with tens, sometimes hundreds of

thousands of dollars of debt. The focus on speed, the paperless system, and financial incentives allow "Agents" to lock customers into financing quickly, receive immediate payment through the program, and avoid accountability when issues arise.

48. Defendant, Sunnova Energy, neglects to exercise adequate oversight over its "Agents," despite granting them significant authority to bind customers into loans. Instead, it relies on superficial warranties and representations in contracts with its "Agents" while collecting substantial fees from each loan generated.

49. Additionally, Defendant, Sunnova Energy, fails to disclose hidden program fees built into the loans, which are misrepresented to customers as equipment and labor expenses. This deceptive practice inflates costs for borrowers like Plaintiff, while generating additional revenue for Sunnova Energy.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

50. The allegations of paragraphs 1-49 are incorporated here.

51. TSP, acting as agent of Sunnova Energy, materially breached its contract with the Plaintiff by failing to install a solar panel system that functions or that has eliminated Plaintiff's monthly electricity bills.

52. TSP promised Plaintiff that she would have 27.010 kW electricity-producing solar panels installed at her home. This did not occur.

53.     TSP promised Plaintiff the delivery of a home solar system that would produce 35,759 Kilowatts of electricity annually. This did not occur.

54.     Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy financing contract, Sunnova Energy is liable to Plaintiff for the breaches of contract of its agent, TSP.

55.     As a result of TSP's material breaches of contract, for which Sunnova Energy is derivatively liable, Plaintiff is entitled to recover against Sunnova Energy for the cause of action of breach of contract.

56.     Plaintiff elects the remedy of rescission of the contract for this breach of contract. In the alternative, Plaintiff demands an award of money damages (if, and only if, her request for rescission as the proper remedy for this claim is denied). Only a complete unwinding of this transaction will make Plaintiff whole.

57.     Plaintiff demands rescission of the Sunnova Energy loan agreement and a refund of all monies paid under it, along with an award of pre-and post-judgment interest, costs, and all reasonable attorneys' fees incurred in this dispute.

### SECOND CAUSE OF ACTION
**(Violations of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA) FLA. STAT. 501.201)**

58.     The allegations of paragraphs 1-49 are reincorporated.

59.     TSP and Sunnova Energy made material misrepresentations to Plaintiff that were false and misleading. TSP made false representations about the

functioning and power generation that the solar system it sold to Plaintiff would provide. Meanwhile, both TSP and Sunnova Energy made knowingly false statements to Plaintiff, upon which she reasonably relied, about the real system price to be assessed in this consumer transaction.

60.     A consumer's claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

61.     The high-pressure sales tactics and material misrepresentations made by TSP and Sunnova Energy to Plaintiff constitute deceptive acts or unfair practices under FDUTPA.

62.     The sale and installation of a defective solar panel system, accompanied by multiple misrepresentations about the true solar system price, constitute deceptive acts or unfair practices under FDUTPA.

63.     The false promises made by TSP that the solar panel system would eliminate Plaintiff's electric bills and provide substantial financial savings constitute deceptive acts or unfair practices under FDUTPA.

64.     The guarantees of quality workmanship free of defects, as well as assurances that any property damage caused during installation would be repaired, also constitute deceptive and unfair business practices.

65. TSP illegally, unfairly and deceptively solicited Plaintiff's business by promoting the purchase and installation of equipment to supposedly improve energy savings, none of which has reduced her electricity bills.

66. These unfair and deceptive trade practices induced Plaintiff's reliance on these false promises.

67. Sunnova Energy deceptively hid program dealer fees in the loan total presented to Plaintiff, instead lying and packaging these hidden finance charges into the "sale price" of the solar system. These lies constitute deceptive and unfair business practices under FDUPTA.

68. These representations were material to Plaintiff's decision to enter the contract.

69. Plaintiff was unaware of the falsity of these representations.

70. The representations were relied upon by Plaintiff, who was ignorant of their falsity.

71. Plaintiff had a right to rely on these representations and did, in fact, rely on them to her detriment, ultimately purchasing and financing the defective solar system in question.

72. Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy loan contract, Sunnova Energy is liable to Plaintiff for the misrepresentations and deceptive acts committed by its

agent, TSP. Sunnova Energy is directly liable to Plaintiff for its own dishonesty in lending, as detailed in this pleading.

73.     Plaintiff is entitled to recover against Sunnova Energy all actual damages, attorneys' fees, and a rescission of her loan and all transaction documents associated with the underlying home solar transaction.

### THIRD CAUSE OF ACTION
**(Breaches of the Duty of Good Faith and Fair Dealing)**

74.     The allegations of paragraphs 1-49 are reincorporated.

75.     Every contract under Florida law carries with it the duty of good faith and fair dealing.

76.     Sunnova Energy is derivatively liable to Plaintiff for the false promises of its agents, TSP, regarding the solar system's performance and the true system price.

77.     Sunnova Energy is directly liable to Plaintiff for the breaches of the duty of good faith and fair dealing that it has committed against her regarding the hidden finance fees. These direct breaches of good faith and fair dealing on the part of Sunnova Energy stem from the fraudulently inflated solar system "sales price" for this transaction.

78.     Plaintiff makes demands for all her actual damages, rescission of transaction documents, punitive damages, attorneys' fees, costs, and pre-and-post

judgment interest allowed by law for this breach of the duty of good faith and fair dealing cause of action.

## FOURTH CAUSE OF ACTION
### (Negligence / Gross Negligence – Construction Defects)

79.    The allegations of paragraphs 1-49 are reincorporated.

80.    TSP, as agent of Sunnova Energy, installed the solar panel system at Plaintiff's residence in a careless and substandard manner.

81.    The system, as installed, does not deliver significant energy production.

82.    The system, as installed, has caused roof leaks, water intrusion, and other property damage at Plaintiff's home.

83.    Sunnova Energy is derivatively liable for these breaches of the standard of care that its agent, TSP, has committed.

84.    Sunnova Energy is derivatively liable for the damage caused by these breaches of the standard of care by its agent, TSP. These damages include the lack of energy savings and property damage.

85.    Plaintiff demands judgment for all actual damages, rescission of transaction documents, attorneys' fees, costs, and pre-and post-judgment interest allowed by law for this negligence (construction defects) cause of action.

## FIFTH CAUSE OF ACTION
### (Fraud)

86.     The allegations of paragraphs 1-49 are reincorporated.

87.     The false promises made by TSP that the solar panel system would eliminate Plaintiff's electric bills and provide substantial financial savings constitute material misrepresentations.

88.     The guarantees of quality workmanship free of defects, as well as assurances that any property damage caused during installation would be repaired, also constitute material misrepresentations.

89.     These unfair and deceptive trade practices induced Plaintiff, Alsia Wilkinson's reliance on these false promises.

90.     Defendant, Sunnova Energy, deceptively hid program fees in the loan total presented to Plaintiff, instead lying and packaging these hidden finance charges into the "sale price" of the solar system. This also led to a knowing misrepresentation of the effective interest rate on this loan and the total amount of finance charges to be paid by Plaintiff. These lies constitute material misrepresentations.

91.     These representations were material to Plaintiff's decision to enter the TSP sales and installation agreement and the Sunnova Energy loan agreement for this transaction.

92. Plaintiff, Alsia Wilkinson, was unaware of the falsity of these representations.

93. The representations were relied upon by Plaintiff, Alsia Wilkinson, who was ignorant of their falsity.

94. Plaintiff, Alsia Wilkinson, had a right to rely on these representations and did, in fact, rely on them to her detriment, ultimately purchasing and financing the defective solar system in question.

95. Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy loan contract, Defendant, Sunnova Energy, is liable to Plaintiff, Alsia Wilkinson, for the misrepresentations and deceptive acts committed by its agents, TSP. Sunnova Energy is directly liable to Plaintiff for its own dishonesty in lending, as detailed in this pleading.

96. Plaintiff, Alsia Wilkinson, is entitled to recover against Defendant, Sunnova Energy, all actual damages, punitive damages, attorneys' fees, and a rescission of her loan transaction.

## SIXTH CAUSE OF ACTION
**(Violations of the Truth In Lending Act, 15 U.S.C. §§1601 *et seq.*)**

97. The allegations of paragraphs 1-49 are reincorporated.

98. The federal Truth in Lending Act, TILA, requires creditors who deal with consumers to make certain written disclosures concerning finance charges and related aspects of credit transactions (including disclosing an annual percentage rate)

and comply with other mandates, and requires advertisements to include certain disclosures.

99.    TILA requires creditors to disclose the finance charge as a dollar amount on consumer credit disclosures. The finance charge is the total amount of interest and fees paid over the life of a loan, assuming on-time payments.

100.    Sunnova Energy made material misrepresentations in the loan disclosures that it, or its agents, TSP, provided to Plaintiff in connection with the transaction at issue in this dispute. These knowing and material misrepresentations aimed at concealing the illegal "program fee" that Sunnova Energy charged to Plaintiff violate Regulation Z of the TILA.

101.    These hidden finance fees are "buyer's points" under Regulation Z of the TILA that are required to be disclosed. They are not "seller's points".

102.    As a result of these TILA violations, Plaintiff was damaged and she requests an award of all actual damages, statutory damages, treble damages, compensatory damages, rescission of the Sunnova Energy loan, attorneys' fees, costs, and for any other relief this tribunal deems proper.

### SEVENTH CAUSE OF ACTION
**(Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)**

103.    The allegations of paragraphs 1-49 are reincorporated.

104.    The Fair Credit Reporting Act (FCRA) shields consumers from the willful or negligent inclusion of erroneous data in their credit reports.

105. Sunnova Energy has knowingly reported false information on Plaintiff's credit reports with the major credit reporting bureaus since the inception of this loan.

106. The false information that Sunnova Energy has, and continues to report, against the credit history of Plaintiff includes false information on the true loan amount (not counting the fraudulent kickback at issue in this case); false information on the true loan balance; false information about this loan being due and payable; and false information about this account being delinquent.

107. Plaintiff has disputed these false and inaccurate credit reporting activities. Sunnova Energy has falsely affirmed to the major credit bureaus that its credit reporting as to Plaintiff has been correct and accurate. This is yet another lie on the part of Sunnova Energy.

108. Plaintiff has suffered harm as a direct result of these false and inaccurate credit reporting activities.

109. As a result of these FCRA violations, Plaintiff was damaged and she requests an award of all actual damages, statutory damages, treble damages, compensatory damages, attorneys' fees, costs, and any other relief this tribunal deems proper.

Respectfully Submitted,

The Joshua S. Horton Law Firm, PA
d/b/a Legal Rebels Law

/s/ Joshua S. Horton
The Joshua S. Horton Law Firm, PA
Attorney for Adversary Plaintiff
107 Pond Apple Lane # 102
Jupiter, FL 33458
561-440-5211 - Telephone
561-584-5212 – Facsimile
Email: josh@joshuahortonlaw.com
Florida Bar No: 1009130

and

/s/ Macy D. Hanson
MACY D. HANSON
Miss. Bar # 104197
macy@macyhanson.com
The Law Office of Macy D. Hanson
102 First Choice Drive
Madison, Mississippi 39110
Telephone: (769) 567-1934
Facsimile: (601) 853-9327